**George Robert Goltzer**
**Attorney At Law**
**200 West 57th Street**
**Suite 900**
**New York, NY 10019**

Tel.  (212) 608-1260
Fax (212) 980-2968
george@goltzer.com

February 22, 2008

Hon. P. Kevin Castel
U.S. District Judge
Southern District of N.Y.
U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *U.S.A. v. Jewel Russell-Otero;* 07 Cr. 458 (PKC)

Dear Judge Castel:

      This letter is respectfully submitted in the hope that it will assist the Court in reaching an appropriate sentence for Ms. Russell-Otero.  It is urged that Ms. Russell-Otero be sentenced to a lengthy period of probation rather than the recommended brief period of incarceration, incarceration that will insure that she loses her current employment, interfere with restitution and have a terrible emotional impact on her young son and infirm mother.

      The United States Probation Department has prepared a complete and accurate report.  The defense does not object to the Guideline calculations or factual narratives.  We strongly object to the assertion that a five month period of incarceration is necessary or appropriate and that there is already in place a support system for Ms. Russell-Otero's four year old son, a young child already suffering separation anxiety resulting from his father leaving him. This child needs to sleep next to someone and suffers when his mother leaves for the day.  How it can be humanely urged that his sleeping in the living room of an apartment, occupied by a semi-paralyzed grandmother who believes in strict corporal punishment and two uncles with their own demons, will substitute for his mother's love is inexplicable and heartless.

      My own perspective differs from Probation's mechanistic, pro Guideline view. It  is derived from Clarence Darrow's remarks to the Court in the Leopold-Loeb case so long ago, remarks which I  hope will resonate with you.

> If there is such a thing as justice it could only be administered by one who knew the inmost thoughts of the man to whom he was meting it out. Aye, who knew the father and mother and grandparents and the infinite number of people back of him. Who knew the origin of every cell that went into the body, who could understand the structure and how it acted. Who could tell how the emotions that sway the human being affected that particular frail piece of clay. It means more than that. It means that you must appraise every influence that moves men, the civilizations where they live, and all society which enters into the making of the child or the man! If Your Honor can do it- if you can do it you are wise, and with wisdom goes mercy.[1]

In the wake recent Supreme Court rulings, the United States Sentencing Guidelines are merely advisory. When they are considered along with 18 U.S.C. § 3553, it becomes clear that a non-incarceration sentence in this case serves the interests of justice.

Section 3553(a) calls for a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentence, which are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> © to protect the public from further crimes of the defendant;
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

To arrive at such a sentence, Congress has provided that Courts consider: (1) the nature and circumstances of the offense and the history and characteristics of the offender; (2) the kinds of sentences available; (3) the kinds of sentences and the sentencing range established in the Sentencing Guidelines; (4) policy statements issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (6) the need to provide restitution to any victims of the offense. See 18 U.S.C. § (a)(1), (a)(3)-(7).

Any fraud against the United States is serious and it is not my intent to minimize any criminal conduct. Yet, it is clear that there were mitigating factors in the commission of the crime. Mr. Russell-Otero was not and will never be a venal criminal who commits a pattern of thefts out of greed to avoid hard work and personal responsibility. She had been in a toxic relationship since she was fifteen and wanted to keep her family unit together. At the same time, bitter experience taught her that she needed to hedge her bet and keep her Bronx apartment. She gave it to a friend who was on public assistance and had two of her own children. It was a terrible lapse in judgment, but understandable in human terms.

---

[1] Attorney For the Damned, A Weinberg *editor*, at 43 (Simon and Schuster 1957)

     Ms. Russell-Otero is not a danger to the community and there is no indication that she will recidivate again. She has tried to overcome a somewhat dysfunctional childhood by educating herself and working hard at several honorable jobs over the years of her adulthood. She is not in need of vocational or educational prison programs. She is able to work and provide her child and mother with the emotional support they so desperately need.

     Ms. Russell-Otero has no prior criminal record. Congress has not stated that she is ineligible for probation. Such as sentence is permissible under these facts. If that sentence is imposed, the Court will have ample opportunity to harshly rectify any violations, in the unlikely event they occur.

     I do not expect that anyone would view a probationary sentence as promoting disrespect for the law. To the contrary, that sentence will enhance respect for it. Thank you for your consideration of this serious matter. I remain

                                     Respectfully,
                                     *George R. Goltzer*
                                     George R. Goltzer

cc: Government Counsel
    Via ECF

GRG/sm